UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HAKEEM PELUMI<br><br>v.<br><br>MONIQUE LANDRY, in her capacity as the Claim Representative of Progressive Insurance Company | :<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 08-84ML |
| HAKEEM PELUMI<br><br>v.<br><br>DAVID CICILLINE, in his capacity as the Mayor of Providence | :<br>:<br>:<br>:<br>:<br>: | C.A. No. 08-85ML |
| HAKEEM PELUMI<br><br>v.<br><br>DENISE G. GERSTMEYER, in his capacity as Chief Operator Control Officers, State of Rhode Island Division of Motor Vehicles | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 08-86ML |
| HAKEEM PELUMI<br><br>v.<br><br>GORDON HEPWORTH, in his capacity as the Claim Representative of State Farm Mutual Automobile Insurance Company | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 08-87ML |

| | | |
|---|---|---|
| HAKEEM PELUMI | : | |
| | : | |
| v. | : | C.A. No. 08-105ML |
| | : | |
| STATE OF RHODE ISLAND, JEROME SMITH, in his capacity as District Court Administrator, 6th Division, on behalf of Richard Finnegan | : | |

| | | |
|---|---|---|
| HAKEEM PELUMI | : | |
| | : | |
| v. | : | C.A. No. 08-106ML |
| | : | |
| SUSAN MENARD, in her capacity as the Mayor of Woonsocket, on behalf of Officer Marsha Houle | : | |

| | | |
|---|---|---|
| HAKEEM PELUMI | : | |
| | : | |
| v. | : | C.A. No. 08-107ML |
| | : | |
| MICHAEL HOULE | : | |

**SECOND CONSOLIDATED REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

During March 2008, Plaintiff Hakeem Pelumi filed seven (7) Complaints in this Court and in each case filed an Application to Proceed Without Prepayment of Fees including the $350.00 per case filing fee. Plaintiff's Applications (Document No. 2 in each case) filed pursuant to 28 U.S.C. § 1915 were all referred to me for determination. 28 U.S.C. § 636; LR Cv 72. After reviewing Plaintiff's Applications signed under penalty of perjury, I concluded that Plaintiff was financially

unable to pay the fees and costs of the seven civil cases and thus, Plaintiff's Applications to Proceed Without Prepayment of Fees (Documents No. 2) were GRANTED.

Having granted IFP status, I further reviewed Plaintiff's Complaints *sua sponte* under 28 U.S.C. § 1915(e)(2) which provides for dismissal of any that are "frivolous or malicious," "fail[ ] to state a claim on which relief may be granted" or "seek[ ] monetary relief against a defendant who is immune from such relief." For the reasons discussed in my initial Report and Recommendation, I recommended that Plaintiff's Complaints be DISMISSED because they were "frivolous," "fail[ ] to state a claim on which relief may be granted," and/or "seek[ ] monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B).

While under review, Plaintiff filed Amended Complaints in all of his cases. In Civil Action No. 08-87, Plaintiff filed three amendments to his Complaint. (Document Nos. 3, 5 and 7). He did not seek leave to amend as required by Fed. R. Civ. P. 15(a)(2). Plaintiff amended once as of right in the other cases. Fed. R. Civ. P. 15(a)(1)(A). Chief Judge Lisi referred Plaintiff's Amended Complaints back to me for further report and recommendation.

**Facts**

Although Plaintiff's Amended Complaints are still somewhat cryptic, each can be boiled down to one simple claim.

1. Pelumi v. Landry, C.A. No. 08-84ML. This case arises out of an automobile accident occurring in October 2006 on Broad Street in Providence. Pelumi claims that his insurer failed to properly investigate the accident and remedy his injuries.

2. Pelumi v. Rhode Island, C.A. No. 08-85ML. This case also arises out of the 2006 Broad Street accident. Pelumi alleges that a Providence Police Officer "willfully or negligently lied on the police report with the intent to cover up the accident as to exactly what really happened." Document No. 4 at ¶ 9.

3. Pelumi v. Gerstmeyer, C.A. No. 08-86ML. Pelumi alleges that Gerstmeyer willfully or negligently failed to update Pelumi's driving record in March 2001 to reflect that his driving privileges were restored. This allegedly resulted in Plaintiff being stopped by the Woonsocket Police, charged with driving after suspension and having his car towed away.

4. Pelumi v. Hepworth, C.A. No. 08-87ML. This case also arises out of the 2006 Broad Street accident. Pelumi claims that the insurer for the other driver failed to properly investigate the accident and remedy his injuries.

5. Pelumi v. Rhode Island, C.A. No. 08-105ML. This case arises out of Pelumi's arrest in July 2007 for disorderly conduct by the Woonsocket Police. Pelumi alleges that Bail Commissioner Richard Finnegan stole money from him when he "was then about to be released on bail." Document No. 5 at 2.

6. Pelumi v. Woonsocket, C.A. No. 08-106ML. This case arises out of an August 2006 dog bite. Pelumi alleges that Woonsocket Police Officer Marsha Houle filed a false police report "with the intent to cover up the incident in which herself and her husband were the rightful owners of the dog that bite [sic] the Plaintiff unprovoked." Document No. 4 at ¶ 5.

7. Pelumi v. Houle, C.A. No. 08-107ML. This case also arises out of the August 2006 dog bite. Pelumi alleges that Michael Houle willfully brought his family dog to a "no pets allowed"

building where Pelumi resides, and that Pelumi was the victim of an unprovoked attack and bite by Houle's dog.

**Standard of Review**

Section 1915 of Title 28 of the United States Code requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed *in forma pauperis* is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

This Court is also recommending that Plaintiff's Amended Complaints be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Amended Complaints as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Amended Complaints, dismissal is required.

1. Pelumi v. Landry, C.A. No. 08-84ML. In my initial Report and Recommendation, I noted that there were several deficiencies in Plaintiff's Complaint. I noted that there was no basis for federal question or diversity jurisdiction, and I also noted that Pelumi's state statutory and constitutional claims were not legally viable because he did not have a private right of action under R.I. Gen. Laws § 27-9.1-1, and had not been denied a remedy which would potentially implicate Article I, Section 5 of the Rhode Island Constitution. Plaintiff's Amended Complaint (Document No. 3) contains only minor revisions, and it suffers from the same substantive defects as Plaintiff's original Complaint and must be DISMISSED.

2. Pelumi v. Rhode Island, C.A. No. 08-85ML. In his Amended Complaint, Pelumi attempts to establish a basis for bringing this claim into Federal Court by suing several new parties including the City of Providence; Dean Esserman, in his official capacity as the Police Chief for the City of Providence; and Police Officer Cute, in both his official and individual capacities. Plaintiff also alleges claims under 42 U.S.C. § 1983 and § 1985 related to the filing of an alleged false report by the Providence Police concerning the 2006 Broad Street car accident. As noted in the Court's previous Report and Recommendation, the crux of this action relates to his claim that a Providence Police Officer, now identified as Officer Cute, submitted a false police report concerning his car accident.

This Amended Complaint must be dismissed because under § 1983, there is no cause of action for the filing of a false police report without some action taken on the basis of the report which deprives the plaintiff of a constitutional right. Landrigan v. City of Warwick, 628 F.2d 736, 745 (1st Cir. 1980) (the mere filing of the false police reports, by themselves and without more, did not create a right of action in damages under 42 U.S.C. § 1983). Accordingly, Pelumi fails to state

a claim under § 1983. Similarly, Plaintiff's § 1985 claim is not cognizable. In Count 3, Plaintiff alleges a violation of § 1985 against Officer Cute, and against Jamie Coher, the other driver involved in the car accident. Coher is not named as a defendant in this action. More importantly, the basic facts set forth in Count 3 fail to state a claim under § 1985 since Plaintiff alleges the existence of a conspiracy but nothing more. See Burns v. United States, 618 F. Supp. 882, 883 (D. Mass. 1985) (dismissing claim under § 1985 where "Plaintiff [ ] failed to allege the existence of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus,' which is a necessary element of a claim under 42 U.S.C. § 1985(3)"). Because Pelumi's § 1985 count fails to allege the existence of a "necessary element," this count must be dismissed for failure to state a claim. Thus, Plaintiff's Amended Complaint (Document No. 4) must be DISMISSED.

3. Pelumi v. Gerstmeyer, C.A. No. 08-86ML. In my initial Report and Recommendation, I noted, inter alia, that Pelumi's §1983 claims were time-barred under R.I. Gen. Laws § 9-1-14(b). Plaintiff's Amended Complaint asserts two counts under § 1983, one against Gerstmeyer and the other against the State of Rhode Island. The third Count in his Amended Complaint is brought under the Rhode Island Constitution. The claims made in Plaintiff's Amended Complaint are the same as those set forth in his original Complaint – he asserts that Gerstmeyer willfully or negligently failed to update his driving record in March 2001 to reflect that his driving privileges were restored. Although Plaintiff now sues Gerstmeyer in both his individual and official capacities, as well as the State of Rhode Island and the City of Woonsocket, all of the state and federal claims he sets forth are time barred. All three Counts in the Amended Complaint allege civil rights violations, and, as previously set forth, these claims have a three-year statute of limitations. Thus, Plaintiff's Amended Complaint (Document No. 4) must be DISMISSED.

4. Pelumi v. Hepworth, C.A. No. 08-87ML. Plaintiff filed his Third Amended Complaint on April 21, 2008. (Document No. 7). He did not seek leave to amend and thus his Complaint technically could be stricken on that basis alone. In this Amended Complaint, Plaintiff alleges that both Defendants (Jamie Coher, the other driver involved in the car accident; and Gordon Hepworth, the claim representative for State Farm Insurance Company) are residents of the State of New York, and Plaintiff alleges an amount in controversy of $100,000.00. Although Plaintiff has cured the Complaint to allege complete diversity and the damages threshold, the claims made in the Amended Complaint are the same basic claims under Rhode Island's Unfair Claims Settlement Practices Act (R.I. Gen. Laws § 27-9.1-1, et seq.) as those made in the original Complaint, dated May 14, 2008. As explained in my initial Report and Recommendation, that statute does not provide insureds with a private right of action and vests enforcement authority exclusively with the Director of the Department of Business Regulation. See R.I. Gen. Laws § 27-9.1-5. Thus, these statutory claims are not legally viable. Although Plaintiff describes the accident as an "unlawful collision" and alleges injury, he does not assert a common law negligence or other tort claim. His demand seeks judgment only under the above-referenced Rhode Island statute. Thus, his Amended Complaint(s) (Document Nos. 3, 5 and 7) must be DISMISSED.

5. Pelumi v. Rhode Island, C.A. No. 08-105ML. In his original and Amended Complaints, Plaintiff alleges that Bail Commissioner Richard Finnegan stole a $100.00 bill from him in the course of a bail hearing. I recommended that his original Complaint be dismissed because he stated no claim against Mr. Finnegan in his individual capacity and because he attempted to bring his claims under a federal criminal statute.

In his Amended Complaint, Plaintiff sues Mr. Finnegan in his individual capacity, and he eliminates the references to the federal criminal statute. The focus of the Amended Complaint, however, remains Pelumi's claim that Mr. Finnegan stole money from him while in the course of a bail proceeding. Plaintiff pursues claims under § 1983 and § 1985 in his Amended Complaint, but none of his claims survive this initial screening. First, Mr. Pelumi's claim under § 1983 fails to state a claim because even if the Mr. Finnegan did intentionally steal money from Pelumi, that alone would not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment, as long as adequate post-deprivation state-law remedies exist. Palmer v. Hudson, 468 U.S. 517, 530-535 (1984); Hadfield v. McDonough, 407 F.3d 11, 19 -20 (1st Cir. 2005) ("a public entity [is shielded from liability] from a federal due process claim where the denial of process was caused by the random and unauthorized conduct of government officials and where the state has provided adequate postdeprivation remedies to correct the officials' random and unauthorized acts.") In this case, Pelumi had adequate remedies under state law. He could have, for example, attempted to pursue a criminal action by filing a police report, and he could have pursued a common law tort claim for conversion. For these reasons, there is no viable claim under § 1983. Similarly, and for the reasons previously articulated, the basic allegations underlying his § 1985 claim are insufficient and that claim should be dismissed. Accordingly, Pelumi's Amended Complaint (Document No. 5) must be DISMISSED.

6. Pelumi v. Woonsocket, C.A. No. 08-106ML. The heart of this case is Pelumi's claim that Defendant Marsha Houle, a Woonsocket Police Officer, lied on a police report regarding a dog bite. In his Amended Complaint, Pelumi sues Officer Houle in her individual and official capacities, and also sues the City of Woonsocket and Michael Houle, in his official capacity as Chief of the

Woonsocket Police. As previously mentioned, there is no cause of action under § 1983 for the filing of a false police report without some action taken on the basis of the report which deprives the plaintiff of a constitutional right. Landrigan, 628 F.2d at 745. Similarly, as with his other Amended Complaints, the basic allegations underlying Pelumi's § 1985 claim are insufficient and this claim should be dismissed. Because Pelumi fails to state a claim under § 1983 or § 1985, this Amended Complaint (Document No. 4) must also be DISMISSED.

7. Pelumi v. Houle, C.A. No. 08-107ML. Although the issues at the center of the original Complaint and Amended Complaint are the same, Pelumi amended his Complaint to specify that he was suing Michael Houle, individually. He also now alleges that Mr. Houle is a citizen of the state of Massachusetts, and that the amount in controversy is $100,000.00 in order to assert diversity jurisdiction. However, as specified in the "chain of events" attachment to his Complaints, the crux of this lawsuit remains that Mr. Houle lied in the police report, a claim which is not cognizable under § 1983. Pelumi also does not explicitly state a Rhode Island common law personal injury claim against Mr. Houle for the dog bite. Pelumi alleges he was injured and required medical attention. Pelumi, however, attempts to invoke Rhode Island's statute for the "Regulation of Vicious Dogs," R.I. Gen. Laws § 4-13.1-1, et seq. In particular, Pelumi seeks recovery under R.I. Gen. Laws § 4-13.1-7. While this section provides a civil action for damages from an unprovoked dog bite, it only applies in the case of a "dog declared vicious under R.I. Gen. Laws § 4-13.1-11." Section 4-13.1-11 provides an administrative mechanism for a public hearing, with notice to the dog owner, to determine if a dog should be "declared vicious." The dog owner has the right to appeal the administrative determination to the State District Court for de novo review. R.I. Gen. Laws § 4-13.1-11(b). Pelumi does not allege in any of the versions of his Complaint, or in the "chain of

events" attachment, that Mr. Houle's dog was vicious, or more importantly, had been declared vicious under § 4-13.1-11. Thus, Pelumi fails to state a claim under R.I. Gen. Laws § 4-13.1-7, and his Amended Complaint (Document No. 4) should be DISMISSED.

**Conclusion**

For the reasons stated, I recommend that each of the seven Amended Complaints be DISMISSED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 30, 2008